In re Courtney MARSHALL, Debtor.

**Bankruptcy No. 83–02038–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Jan. 23, 1984.

W. John Gundlach, Jr., Fort Lauderdale, Fla., for debtor.

Paul M. Sullivan, West Palm Beach, Fla., for creditor, First Fed. S. & L. of Palm Beach.

Daniel Bakst, West Palm Beach, Fla., Trustee.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

This involuntary chapter 7 petition was tried on January 17. The facts are undisputed.

The debtor's principal debt is a note payable to the petitioning creditor. The debtor concedes that the note is in default and that he generally is not paying his debts as they become due, if that note is a debt which is still due. The debtor argues that the note was satisfied when a mortgage securing that note was satisfied of record in April, 1983 by the petitioning creditor.

The undisputed facts are that the debtor forged his wife's name to the note, the second mortgage securing that note, and forged her name in endorsing the proceeds received in consideration for the note. The mortgage was satisfied because the wife threatened a slander of title action against the petitioning creditor if it did not do so. The instrument recites that the creditor has received full payment of the note and indebtedness and acknowledges full satisfaction and cancellation of the note as well as the mortgage.

Section 3–605(1)(b) of the UCC, Fla.Stat. § 673.605(1)(b), provides that:

"The holder of an instrument may even without consideration discharge any party: ... (b) By renouncing his rights by a writing signed and delivered or by surrender of the instrument to the party to be discharged."

The note was never surrendered to the debtor, but I agree with the debtor that this creditor renounced its rights by a writing signed and delivered to the debtor.

However, as I see it, the petitioning creditor has a solid claim for its money upon the ground that it never intended to release or satisfy the debtor's obligation under the note, merely the obligation of the debtor's wife. It is clear that the creditor is entitled to equitable relief in Florida, which would reinstate the obligation. *Drake Lumber Co. v. Semple,* 100 Fla. 1757, 130 So. 577 (1930). This court has equitable jurisdiction to grant that relief, 28 U.S.C. § 1481, and I find from the stipulated facts that the creditor is entitled to that relief. The debtor has suggested no reason why he would be unjustly prejudiced through the resolution of that issue by this court at this time.

The debtor's final contention is that this obligation was contingent when the involuntary petition was filed and therefore did not meet the requirement of § 303(b)(1). As was stated in *In re All Media Properties, Inc.,* 5 B.R. 126, 133 (Bkrtcy.S.D.Tex.1980) *aff'd* 646 F.2d 193 (5th Cir.1981):

"Claims are contingent as to liability if the debt is one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor and if such

**110**

triggering event or occurrence was one reasonably contemplated by the debtor and creditor at the time the event giving rise to the claim occurred."

This obligation was not contingent under the foregoing definition nor under § 303(b)(1). It was disputed and the debtor had an arguable basis to dispute the claim, but there is no requirement that the petitioning creditor's claim be undisputed.

I find that the petitioning creditor meets the requirement of § 303(b) and that the debtor is generally not paying his debts as they become due.

As is required by B.R. 9021(a), a separate Order for Relief will be entered.